# United States Bankruptcy Court

### District Of New Jersey (Newark)

| | | |
|---|---|---|
| In Re: | VINCENT M. BUSCHI ) | Case No. **06-20701** DHS |
| | ) | |
| | GEM FINANCIAL SERVICES, INC. & ) | |
| | METRO-GEM LEASING &FUNDING CORP. ) | |
| | (Plaintiff ) ) | |
| | ) | Chapter 7 |
| | VINCENT M. BUSCHI, SR., a/k/a ) | |
| | VINCENT M. BUSCHI, S&D AUTO ) | Judge D. Steckroth |
| | WHOLESALERS, INC. & VINCENT M. ) | |
| | BUSCHI d/b/a PRISTINE AUTO ) | |
| | WHOLESALERS ) | |
| | (Defendants) ) | Adv. Proc. No. _____ |

## VERIFIED COMPLAINT

Creditors - GEM FINANCIAL SERVICES, INC., and METRO-GEM LEASING &FUNDING

CORP. has filed papers with the court alleging the following facts and seeking the following relief:

**Paul J. Solda,** attorney to GEM FINANCIAL SERVICES, INC. ("GEM") and METRO-

GEM LEASING &FUNDING CORP. ("M-GEM"), the Plaintiffs in the within action, set forth the

following:

1. Plaintiff "GEM" is a New York corporation maintaining offices at 378 Schemerhorn

Street, Brooklyn, N.Y. 11217. GEM is partly in the business of investment and funding business'.

1.b. . Plaintiff "M-GEM" is a New York corporation maintaining offices at 5 Windemere

Way, Woodbury, N.Y. M-GEM is partly in the business of automobile leasing and finance.

2. The DEBTOR - VINCENT M. BUSCHI, SR., a/k/a VINCENT M. BUSCHI ("DEBTOR")

resides upon information and belief, at 49 Beverly Rd., W. Caldwell, NJ 07006.

2.b. Defendant S&D AUTO WHOLESALERS, INC. ("S&D") maintains offices at 430

Industrial Ave., Teterboro, NJ    VINCENT M. BUSCHI is the sole principal and president

of S&D.

2.c.  Defendant VINCENT M. BUSCHI d/b/a PRISTINE AUTO WHOLESALERS

maintains, upon information and belief, offices at 430 Industrial Ave., Teterboro, NJ and

at 49 Beverly Rd., W. Caldwell, NJ 07006.  VINCENT M. BUSCHI is the sole principal PRISTINE.

### AS AND FOR A FIRST CAUSE OF ACTION

3.  Plaintiffs loaned money to the DEBTOR and Defendants in the total sum of

$500,000.00.  The first part was loaned in December, 2002 in the sum of $250,000.00 (see

Agreement as Exhibit "A") That part having gone unpaid, was restructured as a $500,000.00 debt

(having accumulated substantial interest thereon) - and was evidenced through the parties Agreement

dated January, 2006 (see Exhibit "A")

4.  Plaintiffs then made another loan secured by a Promissory Note (the "Note") with

DEBTOR/Defendants at the offices GEM (378 Schemerhorn Street, Brooklyn, N.Y.) - on

January 21, 2006  (a true copy of said Promissory Note is appended hereto Exhibit "B").

5.  The referenced Agreement executed commensurate with said Note (a true

copy of said Agreement is appended hereto Exhibit "A") set forth the framework of the loans

both past and concurrent.  Said Agreement provided the framework for the purpose of funding

the Defendants' inventory for use in their automobile business.  Again, this Agreement also

recited that prior monies had been loaned to Defendants' and in 1/06 totaled the sum of

$500,000.00.  It also directed that New York law shall govern any controversy.

In sum, the debt due Plaintiff per said Note ($250,000.00) and confession per said prior loan (Ex. "A") in

the amount of $500,000.00.

6.  DEBTOR/Defendants' thereafter defaulted on the payment of same and notice of

default were dispatched advising of such default, the last dated October 1, 2006.  No payment

has been tendered and the current outstanding principal sum due is **$750,000**, exclusive of

interest and penalties per terms of the note.

*Page -2-*

An action was commenced in the SUPREME COURT OF THE STATE OF NEW YORK,

COUNTY OF KINGS (Index No. 33182/06) on October 31, 2006 and entitled:
X-------------------------------------------------------X
GEM FINANCIAL SERVICES, INC.

                            Plaintiff,
         -against-

S&D AUTO WHOLESALERS, INC. and
VINCENT M. BUSCHI
                    Defendants.
X-------------------------------------------------------X

After service was effectuated on Defendants, the instant bankruptcy proceeding was filed and the

action was stayed (see lead pages of summons and motion for summary judgment appended as

Exhibit "C"). Notably, this action only sought (for purposes of summary judgment expediency) -

recovery of the second loan dated January, 2006 (for $250,000.00).

        7.  Plaintiff has been damaged, and continues to be damaged in the minimal

sum of $750,000.00 plus interest at the contract rate of 24% and penalties for default thereon

pursuant to the note default terms as well as reasonable attorneys fees and court costs.

        8.  DEBTOR/Defendants' are accordingly liable for their defaults under the subject loans

in accordance with the papers and documents hereto.

### AS AND FOR A SECOND CAUSE OF ACTION
(Business Fraud)

        9.  Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through

"8" as if more fully set forth below and further alleges that:

        DEBTOR, acting solely and as alter ego through his companies, fraudulently and with forgeries -

transferred and/or sold - two vehicles owned by Plaintiffs.

        10.  That said vehicles were identified as follows:

        A.  2000 Mercedes S500 (VIN#WDBNG75J7YA037854)

        B.  2002 BMW 745 (VIN#WBAGL634X2DP50411)

*Page -3-*

Said vehicles were placed in the possession of DEBTOR/Defendants in or about 2005.

11. DEBTOR acting solely and as a corporate alter ego took these actions without the knowledge or consent of Plaintiff

12. Despite due demand, DEBTOR/Defendants refused to return these vehicles despite due demand nor provide fair market consideration.

13. DEBTOR thereafter attempted to extort monies from GEM and otherwise coerce GEM to take remedial action it would otherwise not be obligated to take - all in exchange for a satisfaction or settlement on its loan debt.

14. Furthermore, upon information and belief, DEBTOR has taken direct cash from third parties, forged motor vehicle documents and has used his companies to funnel funds to people who we estimate assist in his welfare.

15. These fraudulent acts, architected solely by DEBTOR has caused substantial monetary loss to Plaintiffs.

16. Plaintiffs have been damaged and have suffered severe monetary loss which presently is not fully calculable but is estimate to exceed $75,000.00.

17. The conduct was egregious and accordingly *punitive damages* should be awarded in the minimal sum of $500,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
(Conversion)

18. Plaintiffs repeats and re-alleges the allegations contained in paragraphs "1" through "17" as if more fully set forth below and further alleges that:

DEBTOR took possession of many assets and other property belonging to Plaintiff.

19. That in so doing, DEBTOR knowingly and purposely retained same to the exclusion of the rights of the owner.

20. DEBTOR never intended to pay the reasonable value of same.

21. That, as a consequence, DEBTOR converted said goods for their own use and enjoyment.

22. DEBTOR by reason of same was accordingly damaged in the minimum sum of $75,000.00.

23. The conduct was egregious and accordingly *punitive damages* should be awarded in the minimal sum of $500,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Piercing corp-veil)

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "23" as if more fully set forth below and further alleges that:

DEBTOR is the alter ego of the Defendant companies.

25. DEBTOR, acting solely as alter ego through his companies took the illegal and purposeful actions tot eh detriment of Plaintiffs.

26. DEBTOR perpetrated numerous frauds upon Plaintiffs and took possession of their assets without justification.    These fraudulent acts, architected solely by DEBTOR, the alter ego, caused substantial monetary loss to Plaintiffs.

27. Plaintiffs suffered severe monetary loss which presently is not fully calculable but is estimate to exceed $250,000.00.

28. DEBTOR is the sole officer and director of the other related business entities.

29. DEBTOR maintains an office at 430 Industrial Ave., Teterboro, NJ.

30. DEBTOR conducts the business of the Third Party Defendants for his own pecuniary gain and shields himself behind its' corporate veil - thereby acting as it's alter ego.

31. DEBTOR has acted in such a manner to the detriment of certain trade creditors.

S&D AUTO WHOLESALERS, INC. and PRISTINE AUTO WHOLESALERS is, upon information and

*Page -5-*

belief, now defunct and unable to compensate Plaintiff.

31. Such actions were taken at the specific direction of DEBTOR - and consequently have defrauded Plaintiff.

32. Plaintiff accordingly has been damaged in the minimal sum of $250,000.00.

33. The conduct was egregious and accordingly *punitive damages* should be awarded in the minimal sum of $500,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION
(equity)

34. PLAINTIFF repeats and re-alleges the allegations contained in paragraphs "1" through "33" as if more fully set forth below and further alleges that:

DEBTOR has taken deliberate actions creating damage to GEM that no monetary value can be reasonably found.

35. DEBTOR has upon information effectively converted assets of GEM - which are unique and special in their form only to the Plaintiff.

36. That if DEBTOR is allowed to continue their unlawful practice and to further take deceptive measures and secrete/dispose of such assets - permanent and immediate irreparable harm will occur in that GEM will lose the opportunity for future business.

37. GEM will and has already been, irreparably harmed and demands return of these vehicles.

38. GEM accordingly has no adequate remedy at law which will compensate themselves for the above-mentioned conduct of DEBTOR, damage to the reputation of GEM and its customers.

39. The relief sought will not impair DEBTOR ability to conduct its business in a legal manner and equity favors GEM in this case.

40. Accordingly, GEM's right to the relief sought is clearly appropriate and they will likely succeed on the merits of this case.

*Page -6-*

41. As a consequence, DEBTOR should be permanently enjoined from continuing such

conduct and a directive should issue ordering DEBTOR to immediately return Plaintiffs cars.

**WHEREFORE,** Plaintiff demands judgement against the Defendants as follows:

1. With regard to Plaintiffs First Cause of Action, $750,000.00 - together with the appropriate interest thereon.

2. With regard to Plaintiffs Second Cause of Action, $75,000.00 and $500,000.00 in punitive damages.

3. With regards to Plaintiffs Third Cause of Action, $75,000.00 and $500,000.00 in punitive damages.

4. With regards to Plaintiffs Fourth Cause of Action, $250,000.00 and $500,000.00 in punitive damages.

5. With regards to Plaintiffs Fifth Cause of Action, issuance of a permanent injunction including an order directing DEBTOR to immediately return Plaintiffs cars - and granting such other and further relief as may be just and proper.

**WHEREFORE,** it is respectfully requested that this Court grant the relief herein and as well as reasonable attorneys fees and court costs - and that such other further relief be granted as this Court may deem just and proper.

Dated: New York, New York
January 15, 2007

PAUL J. SOLDA, ESQ.
(Attorney for Plaintiff/Creditors)
Empire State Building, Ste. 4400
New York, New York 10118
(local counsel to be appointed)
(212) 967-3393

To:    DAVID AST, ESQ.
(Atty for Debtor)
222 Ridgedale Ave
PO Box 1309
Morristown, NJ 07962
973.984.1300

S&D AUTO WHOLESALERS, INC.
430 Industrial Ave., Teterboro, NJ

VINCENT M. BUSCHI
49 Beverly Rd., W. Caldwell, NJ 07006.

## NOTICE

**Your rights may be affected.**       **You should read these papers carefully and discuss them
with your attorney, if you have one in the bankruptcy case. (If you do not have an attorney, you may wish to
consult one.)**

If you do not want the court to grant the relief sought (or if you want the court to consider your views on the
Complaint, then on or before February      , 2007 , you or your attorney must:

File with the Court a written answer and opposition and/or request for a hearing (*or, if the court requires a written
response*, an answer, explaining your position) at:

> U.S. Bankruptcy Court, Dist N.J. (Newark)
> MLK Jr. Federal Bldg
> 50 Walnut Street
> Newark, NJ 07102
> 973.645.4764

If you mail your request/response to the court for filing, you must mail it early enough so the court will       **receive it**
on or before the date stated above.

You must also mail a copy to:        PAUL J. SOLDA, ESQ.
> Empire State Building, Ste. 4400
> New York, N.Y. 10118
> (212) 967-3393

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the
motion or objection and may enter an order granting that relief.

# United States Bankruptcy Court

### District Of New Jersey (Newark)

| | | |
|---|---|---|
| In Re:  VINCENT M. BUSCHI | ) | Case No. **06-20701 DHS** |
| | ) | |
| GEM FINANCIAL SERVICES, INC. & | ) | |
| METRO-GEM LEASING &FUNDING CORP. | ) | |
| (Plaintiff ) | ) | |
| | ) | Chapter 7 |
| VINCENT M. BUSCHI, SR., a/k/a | ) | |
| VINCENT M. BUSCHI, S&D AUTO | ) | Judge D. Steckroth |
| WHOLESALERS, INC. & VINCENT M. | ) | |
| BUSCHI d/b/a PRISTINE AUTO | ) | |
| WHOLESALERS | ) | |
| (Defendants) | ) | Adv. Proc. No. _____ |

## VERIFICATION

Paul J. Solda, being duly admitted to practice as an attorney state that I am the attorney of record to the within party and that I am fully familiar with the facts and circumstances hereto.  I have read the foregoing Complaint  and know the contents to be true to my knowledge, except those matters stated upon information and belief and those relied upon by documents and memoranda within this file.

I make this Affirmation (Verification) instead of the Plaintiff because the  resides in a different county from where your deponent maintains its practice of law.

I affirm the foregoing to be true subject to the penalties for perjury.

Dated: New York, New York
January 25, 2007

PAUL J. SOLDA, ESQ.
(Attorney for Plaintiff/Creditors)
Empire State Building, Ste. 4400
New York, New York 10118
(212) 967-3393

# United States Bankruptcy Court

### District Of New Jersey (Newark)

| | | |
|---|---|---|
| In Re:  VINCENT M. BUSCHI | ) | Case No. **06-20701 DHS** |
| | ) | |
| GEM FINANCIAL SERVICES, INC. & | ) | |
| METRO-GEM LEASING &FUNDING CORP. | ) | |
| (Plaintiff ) | ) | |
| | ) | Chapter 7 |
| VINCENT M. BUSCHI, SR., a/k/a | ) | |
| VINCENT M. BUSCHI, S&D AUTO | ) | Judge D. Steckroth |
| WHOLESALERS, INC. & VINCENT M. | ) | |
| BUSCHI d/b/a PRISTINE AUTO | ) | |
| WHOLESALERS | ) | |
| (Defendants) | ) | Adv. Proc. No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *VERIFIED COMPLAINT* was served to the parties on the attached list, via United States Mail and Overnight Mail on January 25, 2007

DAVID AST, ESQ.
(Atty for Debtor)
222 Ridgedale Ave
PO Box 1309
Morristown, NJ 07962
973.984.1300

S&D AUTO WHOLESALERS, INC.
430 Industrial Ave., Teterboro, NJ

VINCENT M. BUSCHI
49 Beverly Rd., W. Caldwell, NJ 07006.

Dated: New York, New York
January 25, 2007

PAUL J. SOLDA, ESQ.
(Attorney for Plaintiff/Creditors)
Empire State Building, Ste. 4400
New York, New York 10118
(local counsel to be appointed)
(212) 967-3393

1  This AGREEMENT (herein after referred to as the "AGREEMENT")
2  is entered into this    day of December, 2005, by and among
3  GEM FINANCIAL SERVICES, Inc. (herein after referred to as
4  "GEM"), a New York corporation with its principal place of
5  business at 378 Schermerhorn Street, Brooklyn, New York, and
6  Vincent M. Buschi, and individual residing at 49 Beverly
7  Road, West Caldwell, New Jersey (herein after referred to as
8  "BUSHI"), jointly and severally with S & D AUTO WHOLESALERS,
9  Inc. (herein after referred to as "S & D"), a New Jersey
10 corporation with its principal place of business at 430
11 Industrial Avenue, Teterboro, New Jersey, (herein after
12 collectively referred to as the "PARTIES") for the purpose
13 of reaffirming and settling the debt incurred by Bushi and
14 S&D resulting from an Agreement entered into between the
15 parties on or about October 7, 2002.
16
17 W I T N E S S E T H:
18
19 WHEREAS, the parties are desirous of entering into an
20 Agreement, under the laws of the State of New York by
21 execution of this AGREEMENT for the purposes set forth
22 herein and are desirous of fixing and defining between
23 themselves their respective responsibilities, interests, and
24 liabilities in connection with the performance of the before
25 mentioned funding of the used car business; and
26
27 WHEREAS, BUSCHI is the principal officer and sole
28 shareholder of S & D; and
29
30 WHEREAS, S & D owns and operates a used car business, known
31 as S & D Auto Wholesalers, Inc., in Teterboro, New Jersey;
32 and
33
34 WHEREAS, BUSCHI and S & D acknowledge that there is in
35 excess of five hundred thousand dollars ($500,000.00)
36 currently due and owing to GEM; and

1

Initials: _____

Initials: _____

37 BUSCHI and S & D wish to repay in full any outstanding debt
38 currently due and owing to GEM; and
39
40 S & D requires financing to achieve their goals; and
41
42 WHEREAS, GEM has access to capital and other means of
43 financing and is willing to contribute to the success of
44 BUSCHI and S & D.
45
46 NOW, THEREFORE, in consideration of the mutual covenants and
47 promises herein contained, the "PARTIES" intending to be
48 legally bound hereby, after first being duly sworn, do
49 covenant, agree and certify as follows:

50  1. BUSCHI and S & D will make sixty (60) equal monthly
51     payments to GEM in the amount of 5,435.61 as evidenced
52     by the annexed Promissory Installment Note in the
53     amount of two hundred fifty thousand dollars
54     ($250,000.00. Annual interest rate on matured unpaid
55     amounts shall be eleven (11%) percent per annum.

56  2. BUSCHI and S & D will pay to GEM any amount due and
57     owing to GEM in excess of five hundred thousand dollars
58     ($500,000.00) within six (6) months of the signing of
59     this AGREEMENT, or when funds belonging to BUSCHI and
60     S & D currently held by Sovereign Bank are released to
61     BUSCHI and S & D by Sovereign Bank, whichever occurs
62     first.

63  3. BUSCHI and S & D acknowledge that certain money has
64     been collected from UNITED AUTO MART, INC., located at
65     350 Main Street, South Hackensack, New Jersey 07606 on
66     behalf of GEM.   BUSCHI and S & D agree to turn over
67     these funds to GEM within thirty (30) days of the
68     signing of this Agreement or as soon as feasible.

69  4. GEM will supply financing to satisfy the inventory
70     needs of BUSCHI and S & D in the approximate amount of
71     one hundred thousand dollars ($100,000.00), (herein
72     after referred to as the "the FLOOR PLAN") in the same

2                                    Initials: _____

                                     Initials: _____

73   manner as in the original AGREEMENT signed on or about
74   October 7, 2002, if the following conditions are met:

    a. BUSCHI and S & D must make six (6) consecutive
       payments as described in paragraph 1 above.

    b. BUSCHI and S & D will comply fully with the
       conditions of paragraphs 2 through 6 above

5. S & D warrants and represents to GEM the following:

    a. That all of the shares of the corporation issued
       and outstanding are owned by Vincent M. Buschi,
       and there will be no transfer of same.

    b. That BUSCHI and S & D has been authorized by
       appropriate resolution of its Board of Directors
       and shareholder to enter into this agreement.

6. BUSCHI agrees to provide a term life insurance policy
in the amount of Five Hundred Thousand Dollars
($500,000.00) naming Gem Financial Services, Inc. as
the sole beneficiary. Such policy must be in full
force and effect at all times during the life of this
Agreement. The policy shall pre-paid for a period of
one (1) year. BUSCHI and S & D agree to renew the
policy every year during the life of this Agreement.
The policy shall be delivered to GEM within a
reasonable amount of time after the signing of this
Agreement. All costs relating to the aforementioned
life insurance policy shall be paid by BUSCHI and S &
D.

7. This AGREEMENT may not be modified or amended, except
in writing signed by GEM, BUSCHI and S & D.

8. This AGREEMENT may be cancelled by either of the
PARTIES at any time without cause or reason, provided
the notice of cancellation is submitted in writing.

9. This AGREEMENT and any disputes thereunder shall be
governed under the laws of the state of New York.

3

Initials: _____ /B/

Initials: _____

109  IN WITNESS WHEREOF, the PARTIES" have hereunto set their
110  hands and seals this 21st day of January, 2006.

117          GEM FINANCIAL SERVICES, INC.

119     By: Mitchell Kaminsky, President

125          S & D AUTO WHOLESALERS, INC.

127     By: Vincent M. Buschi, President

131          VINCENT M. BUSCHI

135  Sworn to and subscribed before me this 21st day of January, 2006

139  Notary Public

Initials: _____

Initials: _____

4

This AGREEMENT (herein after referred to as the "AGREEMENT") is entered into this 4th day of Dec , 2002, by and among Mitchell Kaminsky (herein after referred to as "KAMINSKY"), an individual residing at Hoffstat Lane, Sands Point, New York, jointly and severally with GEM FINANCIAL SERVICES, Inc. (herein after referred to as "GEM"), a New York corporation with its principal place of business at 378 Schermerhorn Street, Brooklyn, New York, and Vincent M. Buschi, and individual residing at 49 Beverly Road, West Caldwell, New Jersey (herein after referred to as "BUSCHI"), jointly and severally with S & D AUTO WHOLESALERS, Inc. (herein after referred to as "S & D"), a New Jersey corporation with its principal place of business at 430 Industrial Avenue, Teterboro, New Jersey, (herein after collectively referred to as the "PARTIES") for the purpose of funding the operation of the "S & D" used car business .

# WITNESSETH:

WHEREAS, the parties are desirous of entering into an Agreement, under the laws of the State of New York by execution of this "AGREEMENT" for the purposes set forth herein and are desirous of fixing and defining between themselves their respective responsibilities, interests, and liabilities in connection with the performance of the before mentioned funding of the used car business; and

WHEREAS, "BUSCHI" is the principal officer and sole shareholder of "S & D"; and

WHEREAS, "S & D" owns and operates a used car business, known as S & D Auto Wholesalers, Inc., in Teterboro, New Jersey; and

WHEREAS, "BUSCHI" and "S & D" require financing to achieve their goals; and

1

Initials: _____

Initials: _____

WHEREAS, "KAMINSKY" and "GEM" have access to capital and other means of financing and are willing to contribute to the success of "BUSCHI" and "S & D".

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the "PARTIES" intending to be legally bound hereby, after first being duly sworn, do covenant, agree and certify as follows:

1. "KAMINSKY" and "GEM" will supply financing to satisfy the inventory needs of "BUSCHI" and "S D" in the approximate amount of two hundred thousand dollars ($200,000.00), (herein after referred to as the "the FLOOR PLAN") in the following manner:

    a. "KAMINSKY" and "GEM" will advance funds to "BUSCHI" and "S & D" by blank checks drawn on the account of A & J USED CARS, Inc. (herein after referred to as "A & J"), a company owned by "KAMINSKY".

    b. "BUSCHI" and "S & D" will indicate the year, make and model of the vehicle they have purchased with these funds and fill in the exact amount equal to the purchase price of the vehicle paid by "S & D."

2. This loan shall be evidenced by demand promissory note executed by "S & D" and guaranteed by "BUSCHI." "BUSCHI" and "S & D" shall pay interest on that portion of the "FLOOR PLAN" actually utilized, to "GEM." Interest shall be calculated as to each vehicle purchased by "S & D" using the "FLOOR PLAN" and shall be calculated based on a thirty (30) day month. Fractional months shall be pro rated, but shall be considered full months. The rate of interest shall vary according to the following schedule:

    a. The rate of interest shall be one (1%) percent of the amount advanced against the purchase price of a vehicle for the first fifteen (15) calendar days or less that the vehicle remains unsold.

2

Initials: _____

Initials: _____

    b. Should the vehicle remain unsold for more than fifteen (15) calendar days, the interest rate will increase to two (2%) percent of the amount advanced against the purchase price of the vehicle for each month or any part of a month. This higher rate shall be calculated starting from the date of the original advance against the purchase price of the vehicle.

    c. Should any vehicle remain unsold for ninety (90) calendar days from the date of the advance on that vehicle, the amount advanced against the purchase price of the vehicle together with the accrued interest shall automatically become due and owing and paid in full to "GEM" on the first business day following the ninetieth (90th) day.

3. "BUSCHI" and "S & D" agree that they will immediately transmit to "GEM" by facsimile or electronic mail a copy of all checks written for the purpose of buying vehicles against the account of "A & J"and a copy of the title for the specific vehicle purchased, the original title to follow in no more than ten (10) days following the purchase.

4. "BUSCHI" and "S & D" agree that they will remit payment to "GEM" for all vehicles resold by them within twenty-four (24) hours of the sale date via overnight courier.

5. "BUSCHI" and "S & D" agree to purchase vehicles for North Shore Exotic Cars, located at 307 Glen Cove Road, Greenvale, New York at their cost without mark-up and to represent North Shore Exotic Cars as their agents at auctions or other sales venues without remuneration.

6. For and in consideration of the obligations ser forth hereinabove "BUSCHI" shall personally guarantee to "KAMINSKY" and "GEM" all payments required under paragraph 2(a-c) herein to be made by "S & D".

7. Periodic audits may be made upon the books and lot(s) where all vehicles are required to be physically present of "S & D" at such time as required by "GEM" or by persons designated by the "GEM."

8. "S & D" warrants and represents to GEM the following:

3

Initials: _____

Initials: _____

a. That all of the shares of the corporation issued and outstanding are owned by Vincent M. Buschi, and there will be no transfer of same.

b. That "BUSCHI" and "S & D" has been authorized by appropriate resolution of its Board of Directors and shareholder to enter into this agreement.

9. This "AGREEMENT" shall bind and inure to the benefit of the heirs and assigns of the "PARTIES."

10. This "AGREEMENT" may not be modified or amended, except in writing signed by "KAMINSKY," "BUSCHI" and "S & D."

11. This "AGREEMENT" may be cancelled by either of the "PARTIES" at any time without cause or reason, provided the notice of cancellation is submitted in writing.

12. This "AGREEMENT" and any disputes thereunder shall be governed under the laws of the state of New York.


IN WITNESS WHEREOF, the "PARTIES" have hereunto set their hands and seals this __4th__ day of __DEC__, 2002.

MITCHELL KAMINSKY

GEM FINANCIAL SERVICES, INC.
By: Mitchell Kaminsky, President

VINCENT M. BUSCHI

S & D AUTO WHOLESALERS, INC.
By: Vincent M. Buschi, President

4

Initials: _____

Initials: _____

## PROMISSORY NOTE - DEMAND
### Joint and Several Liability

FOR VALUE RECEIVED, We, VINCENT M. BUSCHI and S & D AUTO
WHOLESALERS, INC., the undersigned Borrower, jointly and severally
promise to pay to GEM FINANCIAL SERVICES, Inc. and MITCHELL KAMINSKY
Lender the sum of _____ _____
($_____) Dollars, together with interest thereon at varying rates of
from twelve (12.00%) per annum to twenty-four percent (24.00%) per annum, as
detailed in paragraph 2 or the foregoing "AGREEMENT." The entire unpaid
principal and accrued interest thereon, if any, shall become immediately due
and payable on demand by the holder hereof.

This Note may be prepaid in whole or in part at any time without premium or
penalty. All prepayments shall be applied first to interest, then to principal
payments in the order of their maturity.

The undersigned agrees to pay all costs and expenses, including all
reasonable attorneys' fees, for the collection of this Note upon default. All
payments shall be made at 378 Schermerhorn Street, Brooklyn, New York
11217, or at such other place as the holder hereof may from time to time
designate in writing.

_____
VINCENT M. BUSCHI
Borrower

_____
S & D AUTO WHOLESALERS, INC.
Borrower
By: Vincent M. Buschi, President

_____
Witness

Dated: 12-4-02

5

Initials: _____

Initials: _____

# Promissory Installment Note

**RECITATIONS:**

| | |
|---|---|
| Date: | January 21, 2006 |
| Borrower: | S&D Auto Wholesalers<br>-jointly and severable with-<br>Vincent M. Buschi |
| Borrower's Address: | 430 Industrial Ave<br>Teterboro, NJ |
| | 49 Beverly Road<br>West Caldwell, NJ 07006 |
| Payee: | Gem Financial Services, Inc. |
| Place for Payment: | 378 Schermerhorn Street<br>Brooklyn, NY 11217 |
| Principal Amount: | $250,000.00 |
| Term: | sixty (60) months |
| Monthly Payments: | $5,435.61 |

**INTEREST RATE:** Annual interest rate on matured, unpaid amounts shall be 11.00% per annum.

**PAYMENT TERMS.** This Note is due and payable as follows, to-wit: sixty (60) equal monthly payments of $5,435.61  The first such payment due and payable on the 24th day of January, 2006, and a like installment shall be due and payable on the same day of each succeeding month thereafter until the total principal of $250,000.00 plus interest is paid in full.  If each payment is not paid on time, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the State of New York.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, without penalty.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults in the payment of this Note or in the performance of any obligation, and the default continues after Payee gives Borrower notice of the default and the time within

INITIALS _____   _____

which it must be cured, as may be required by law or written agreement, then Payee may declare the unpaid principal balance and earned interest on this Note immediately due. Borrower and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intentions to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** All past due installments of principal and/or interest and/or all other past-due incurred charges shall bear interest after maturity at the maximum amount of interest permitted by the Laws of the State of New York until paid. Failure by Borrower to remit any payment by the 15th day following the date that such payment is due entitles the Payee hereof to declare the entire principal and accrued interest immediately due and payable. Payee's forbearance in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

**INTEREST.** Interest on this debt evidenced by this Note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of the maximum shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the payee and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

INITIALS _____  _____                                        2

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of New York.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 21st day of January, 2006.

Borrower's Signature:

S&D Auto Wholesalers, Inc.        Vincent M. Buschi

By: Vincent M. Buschi

Sworn to and subscribed before me this 21st day of January, 2006

Notary Public

Witness:

INITIALS _____

3

# United States Bankruptcy Court

## District Of New Jersey (Newark)

| | | | |
|---|---|---|---|
| In Re: | VINCENT M. BUSCHI | ) | Case No. **06-20701 DHS** |
| | | ) | |
| | GEM FINANCIAL SERVICES, INC. & | ) | |
| | METRO-GEM LEASING &FUNDING CORP. | ) | |
| | (Plaintiff ) | ) | |
| | | ) | Chapter 7 |
| | VINCENT M. BUSCHI, SR., a/k/a | ) | |
| | VINCENT M. BUSCHI, S&D AUTO | ) | Judge D. Steckroth |
| | WHOLESALERS, INC. & VINCENT M. | ) | |
| | BUSCHI d/b/a PRISTINE AUTO | ) | |
| | WHOLESALERS | ) | |
| | (Defendants) | ) | Adv. Proc. No. _____ |

### SUMMONS NOTICE WITH VERIFIED COMPLAINT

Creditors - GEM FINANCIAL SERVICES, INC., and METRO-GEM LEASING &FUNDING CORP. has filed papers with the court alleging the following facts and seeking the following relief:

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in the bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought (or if you want the court to consider your views on the Complaint, then on or before February     , 2007 , you or your attorney must: File with the Court a written answer and opposition and/or request for a hearing (*or, if the court requires a written response*, an answer, explaining your position) at:

> U.S. Bankruptcy Court, Dist N.J. (Newark)
> MLK Jr. Federal Bldg
> 50 Walnut Street
> Newark, NJ 07102
> 973.645.4764

If you mail your request/response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.
You must also mail a copy to:    PAUL J. SOLDA, ESQ.

> Empire State Building, Ste. 4400
> New York, N.Y. 10118
> (212) 967-3393

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: January 15, 2007                    Signature: _____

> PAUL J. SOLDA, ESQ.
> Empire State Building, Ste. 4400
> New York, N.Y. 10118
> (212) 967-3393